# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY A. BRIDGES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00556-SPM |
| | ) | |
| ELON MUSK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Jeffrey A. Bridges' application to proceed in the district court without prepaying fees or costs. Based on the financial information provided in the application, the application will be granted and Plaintiff's filing fee will be waived. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, this case will be dismissed for improper venue.

## The Complaint

Plaintiff brings this suit against the following past and current employees at the Department of Government Efficiency: Elon Musk, Akash Bobba, Luke Farrito, Gautier Cole Killian, Gavin Glinger, Ethan Shaotran, and Edward Coristine. Although he does not cite to federal law, Plaintiff states that he brings this suit under the Court's federal question jurisdiction.

Plaintiff alleges Defendants illegally hacked into the United States Social Security Administration's computers seeking information about citizens' bank records, social security numbers, home addresses, household information, birth records, and benefit distributions. Plaintiff seeks a cease and desist order and to have Musk deported to South Africa. He also seeks $200 million in damages because he is in fear of losing his social security income and is concerned that his personal information may become available on the dark web. In addition, Plaintiff asks that the Court seize all Musk's assets until any judgment is paid in full.

## Discussion

Plaintiff has not established that venue is proper in this Court. He alleges all Defendants reside in Washington, D.C. Although he does not allege where the events occurred, it seems they either occurred in Washington D.C., where DOGE is headquartered, or in Illinois, where Plaintiff resides.

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction. Under these venue

provisions, venue is not proper in Missouri because Defendants do not reside here and the alleged events did not occur here.

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district in which it could have been brought. Because Plaintiff seeks remedies that are not likely available, the Court finds it is not in the interest of justice to transfer this case. The Court will dismiss this case for improper venue.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED for lack of proper venue**. *See* 28 U.S.C. §§ 1391, 1406(a).

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 3]

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 5th day of June, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE